# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-1192**                                     **September Term, 2025**

**DEA-90FR45251**

**Filed On:** July 16, 2026

Haroon I. Hameed,

      Petitioner

    v.

Drug Enforcement Administration and
Terrance Cole, Administrator,

      Respondents

### PETITION FOR REVIEW FROM AN ORDER OF
### THE DRUG ENFORCEMENT ADMINISTRATION

**BEFORE:**    Millett, Wilkins, and Katsas, Circuit Judges

### J U D G M E N T

This petition for review of an order of the Drug Enforcement Administration ("DEA") was considered on the briefs and certified record filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion to supplement the record, it is

**ORDERED** that the motion to supplement the record be denied. Petitioner has not demonstrated "unusual circumstances justifying a departure" from the general rule that this court reviews "only those documents that were before the agency." Mozilla Corp. v. FCC, 940 F.3d 1, 61 (D.C. Cir. 2019) (citation omitted). It is

**FURTHER ORDERED AND ADJUDGED** that the petition for review be denied. Petitioner has not shown that DEA's order revoking his certificate of registration and denying any pending applications for registration was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), or unsupported by substantial evidence, 21 U.S.C. § 877. See Morall v. DEA, 412 F.3d 165, 176-77 (D.C. Cir. 2005). Specifically, petitioner has not shown that DEA ignored relevant evidence that was in the record or prohibited him from submitting evidence, nor has he identified any legal authority requiring DEA to independently search for evidence not presented by the parties. Petitioner also has not shown that DEA's analysis of the public interest factors in 21 U.S.C. § 823, including its consideration of, inter alia, his past compliance with state laws relating to controlled substances, was not in

accordance with the statutory scheme.

Petitioner also has not demonstrated that DEA's sanction decision is arbitrary, capricious, an abuse of discretion, or not in accordance with law.  DEA's "choice of sanction is entitled to substantial deference."  Chein v. DEA, 533 F.3d 828, 835 (D.C. Cir. 2008).  Although petitioner argues he should have received a lesser sanction, he has not shown that revocation of his registration was "unwarranted in law" or "without justification in fact," Morall, 412 F.3d at 181 (citation omitted), or that "DEA has a consistent policy of allowing a practitioner to retain his registration under similar circumstances," Chein, 533 F.3d at 836 (emphasis omitted).

As to petitioner's remaining arguments, he has not shown any error in DEA's consideration of his proposed corrective action plan.  DEA reviewed his proposal and responded by letter declining to discontinue proceedings.  Petitioner does not demonstrate that anything further was required by 21 U.S.C. § 824(c).  Additionally, DEA's order to show cause provided petitioner adequate notice of the allegations against him and his opportunities to present any objections, and DEA considered his written submission.  Petitioner has not identified any other process he was constitutionally due.  See English v. District of Columbia, 717 F.3d 968, 972-74 (D.C. Cir. 2013).  Finally, petitioner's arguments about delay are forfeited because he raises them only "in the most skeletal way" in his opening brief and belatedly elaborates on them only in his reply brief.  Twin Rivers Paper Co. v. SEC, 934 F.3d 607, 615 (D.C. Cir. 2019); Al-Tamimi v. Adelson, 916 F.3d 1, 6 (D.C. Cir. 2019).  In any event, "delay alone is not enough . . . to justify setting aside agency action," and petitioner has not identified harms attributable specifically to the agency's purported delay.  Solenex LLC v. Bernhardt, 962 F.3d 520, 527 (D.C. Cir. 2020) (brackets omitted) (citing Dayton Tire v. Sec'y of Lab., 671 F.3d 1249, 1253 (D.C. Cir. 2012)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**